**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**KRISTINE GOEBEL and PAUL GOEBEL,**

    Plaintiffs,

v.                                        Case No: 5:16-cv-578-Oc-PRL

**SAFECO INSURANCE COMPANY OF ILLINOIS**

    Defendant.

## ORDER

Before the Court is Defendant's motion to extend the discovery deadline and its motion to compel Plaintiff Kristen Goebel to submit to a neuropsychological examination. (Docs. 13, 14). As explained below, both motions are due to be granted.

As to the requested examination under Federal Rule of Civil Procedure 35, Rule 35(a)(1) provides that the court may order a party whose mental condition is in controversy to submit to a mental examination by a suitably licensed examiner. Under Rule 35(a)((2), a court's order may be made only on a motion for good cause and on notice to all parties and the person to be examined, and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."

Defendant asserts here that Plaintiff Kristen Goebel has placed her mental condition in controversy by alleging in her interrogatories that "she suffered traumatic brain injury with associated cognitive impairment and disorder, post-concussion syndrome with associated headaches, anxiety, depression, post-traumatic disorder, adjustment disorder, insomnia, and

- 2 -

irritability that are permanent conditions." (Doc. 14 at p.3); *see Trenary v. Busch Entertainment Corp.*, No. 8:05-CV-1630-T-30EAJ, 2006 WL 3333621, at *3 (M.D. Fla. 2006) (granting a Rule 35 exam when the plaintiff's interrogatory answers revealed mental health diagnoses allegedly related to the plaintiff's claims).

Defendant further states that "the Rule 35 neuropsychological examination of [Kristen Goebel will] be performed by Michael Herkov [Ph.D.];" who "is a board certified Clinical Psychologist, is well qualified in his respective field, and meets or exceeds the requirements of Rule 35;" and who "will be performing a neuropsychological examination during which he will review prior medical records, take plaintiff's medical history and then perform a non-surgical, routine and generally accepted neuropsychological examination to determine the extent and nature of plaintiff's alleged neuropsychological injuries." Finally, Defendant asserts that the "examination would take place on April 10, 2017 at 10:00AM at 2965 SE 3rd Court, Ocala, Florida."

Importantly, Plaintiffs do not object to this request on grounds of lack of good cause or lack of notice, but agree that Kristen Goebel's mental condition is at issue here and that she consents to an examination. (Doc. 15). Accordingly, I find that Defendant has satisfied the good cause and notice requirements of Rule 35.

Plaintiffs, however, *do* object that the requested examination is currently scheduled for April 10, 2017, the date discovery is due to close. (Doc. 15). This objection brings me the other motion before me: Defendant asserts that an extension of time is necessary to allow time for the neuropsychological examination citing difficulties in finding a local physician who is qualified to perform the examination within the current deadlines. (Doc. 13). Specifically, Defendant

- 3 -

requests forty-five day extensions of its expert disclosure deadline and the discovery deadline. Upon due consideration, Defendant's motion to extend time is also due to be granted.

Accordingly, Defendant's motion to Compel a Rule 35 examination (Doc. 14) is **GRANTED** and the examination shall be conducted according to the conditions and scope set forth in this Order. Likewise, Defendant's motion to extend the discovery deadlines is also **GRANTED**. Defendant may submit its expert report **on or before April 27, 2017**, the discovery deadline is now **May 25, 2017**, and the dispositive motions deadline is now **June 15, 2017**. No other deadlines are affected by this Order.

**DONE** and **ORDERED** in Ocala, Florida on March 8, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties